*1814.*

*MATTER OF ANDREWS.*

The motion to dissolve the injunction is, accordingly, granted.

---

## In the matter of ICHABOD ANDREWS, an Infant.

*July 25th.*

A *surrogate* has power to appoint a *guardian*, but has no jurisdiction over him as a trustee.

Chancery has the same superintendance and control over guardians by *statute*, or *testamentary* guardians, as it has over guardians in *socage*.

THE petition of *Sarah Gilbert* stated, that she was mother of the infant, who was born in *October*, 1807, and that in *December*, 1808, *Justus Gilbert*, the second husband of the petitioner, was, by the surrogate of *Cayuga* county, appointed

*guardian* to the infant, and by virtue of that appointment possessed himself of the real and personal estate of the infant. That in *January*, 1812, *Justus Gilbert* absented himself from the petitioner in a secret manner, and enlisted in the army of the *U. S.* for five years. That he is now on the western frontier, and has converted to his own use the personal estate, and the rents and profits of the real estate, and has lately attempted to dispose of the real estate; and that he is in habits of extreme intemperance, &c.; and that the infant is a charge on the petitioner; who prayed for relief, &c.

The facts in the petition were sworn to.

THE CHANCELLOR. Though the guardian was, in this case, appointed by the surrogate, under the act of 1813, (*N. R. Laws*, vol. 1. 454.,) he is as much under the superintendance and control of this court, as if he had been appointed by it in the first instance. The power of the surrogate extends only to the *appointment* of the guardian; he has no general jurisdiction over him as trustee. That power remains unimpaired in this court, and every guardian, however appointed, is responsible here for his conduct, and may be removed for misbehaviour. It has repeatedly been declared, that a testamentary or statute guardian is as much under the superintendance of the court of chancery as the guardian in socage. (*Beaufort* v. *Berty*, 1 *P. Wms.* 704. *Eyre* v. *Countess of Shaftsbury*, 2 *P. Wms.* 107. *Rouch* v. *Garvar*, 1 *Ves.* 160.) I shall, therefore, direct a reference to a master, to ascertain the truth of the allegations contained in the petition, and to report thereon.

Rule accordingly.