## *Ex parte* Crumb.

This Court may discharge or change a guardian appointed by a surrogate; but it is not done, unless on special cause shown.

PETITION, by *N. Crumb*, guardian of *S. W. Brower*, an infant, stating that he was appointed guardian, by the surrogate of *Otsego*, on the 12th of *January*, 1816; that he is desirous of being discharged from his trust, and praying that his accounts may be referred to a master, and he be discharged.

The Chancellor. There is no doubt of a competent power in this Court to discharge or change a guardian appointed by the surrogate. It is done in *England*, whether the guardian be one at common law, or appointed by last will and testament; but in the latter case, the Court has required very special reasons for its interference. (In the *Matter of Andrews*, 1 *Johns. Ch. Rep.* 99. *Spencer* v. *Earl Chesterfield*, *Amb.* 146. *Wyatt*, 212. 1 *Ves.* 160.) Here is no reason assigned why I should discharge this guardian; and, having accepted the trust, he ought not to *be permitted to lay it down when he pleases. I shall require special and sufficient cause for changing or discharging a guardian.

Motion denied.