## Guardianship of Bagley.

James, Guardian, Appellant, vs. Roberts, Respondent.
Clark, Respondent, vs. James, Guardian, Appellant.

*November 13—December 9, 1930.*

90

92

For the appellant there was a brief signed by *Upham, Black, Russell & Richardson,* and oral argument by *Perry J. Stearns,* all of Milwaukee.

For the respondent Roberts there was a brief by *Barber, Keefe, Patri & Horwitz*, attorneys, and *Walter J. Patri* of counsel, all of Oshkosh, and oral argument by *Mr. Patri*.

FAIRCHILD, J. The control of the county court and courts of equitable jurisdiction in the matter of the custody of children when incidental to guardianship proceedings was not disturbed by the legislation with reference to neglected and dependent or delinquent children. Sec. 48.01 (5) (a), Stats., part of the Children's Code, provides:

"Nothing contained herein shall deprive other courts of the right to determine the custody of children upon writs of *habeas corpus,* or when such custody is incidental to the determination of causes pending in such courts."

This is a proceeding in the guardianship matter and not under the statutes relating to delinquents or dependents. The petition does not contain a suggestion that the guardian has done or left undone anything that would affect detrimentally the welfare of the ward. This question of jurisdiction, together with some confusion as to the duties and powers of the guardian, brought into the record the errors which require a reversal of the order of the county court of January 30, 1930, placing the ward in the custody of respondent. This decision of course controls the rulings in the *habeas corpus* proceedings and disposes of the controversy.

A general guardian of the person of an infant has fixed and important responsibilities relating to the care, training, education, and general upbringing of the ward. He stands *in loco parentis.* For the express purpose of enabling a guardian to perform his duties and to discharge the responsibilities of his legal relationship to his ward, the guardian is vested with power of control and is required to use his discretion and best judgment. 1 Schouler, Domestic Relations (6th ed.) § 873.

The promotion of the welfare of the child is of paramount concern, and the courts have a superintending control but will not interfere with the guardian's control unless there is a failure in some particular showing a purpose to serve a selfish interest, an inclination to be indifferent to the interests of the ward, or some act detrimental to the ward's welfare. Merely because the judge of the county court, if acting as guardian, might have followed a different course does not warrant the removal of a guardian, the changing of a well-worked-out plan, or the transfer of the custody of the ward from the place selected by the guardian. Sec. 310.22, Stats.

A comparison of the plan adopted by the guardian with the one preferred by the court, both being based fairly on advantages to the ward, cannot warrant the court's interference. If the court, without substantial reason, at its will and pleasure, or upon motion of any relative, is permitted to vacate, set aside, reverse, or modify the guardian's proper directions and arrangements, there will be uncertainty and suspense resulting in a lack of sustained authority which is supposed and intended to be a substitute for the stabilizing influence of parental control. Woerner, Law of Guardianship, § 47. This would create a condition somewhat chaotic and intolerable, defeating the purpose for which the relation of guardian and ward exists. A guardian having been appointed, the further jurisdiction of the court concerning the ward is ordinarily exercised by supervising. "While the court will undoubtedly require the infant to be suitably educated according to his prospects and condition, the manner and course of the education and all its details are left to the judgment and discretion of the guardian, and the ward will be compelled to comply with his guardian's decision." 3 Pomeroy, Eq. Jur. (2d ed.) § 1308. To justify interference with a guardian's control there must be some

positive misbehavior, want of integrity, or negligence affecting the ward's welfare. *France v. Frantz,* 4 Ohio (N. P.) 278; *In re Andrews,* 1 Johns. Ch. 99; *Macgill v. McEvoy,* 85 Md. 286, 37 Atl. 218. The evidence shows that the guardian, at the time she made the arrangement for the ward with the Norris Farm Camps under which he was to have a home and education provided for him until he was through high school, was acting in good faith, in a reasonable manner, and accepted this plan as a means of securing the infant's present and future welfare.

Counsel for appellant thinks the dismissal of the petition of Ray Clark brings technical confusion and leaves no proceeding before the court, and urges that error was committed by ignoring the affidavit of prejudice that was filed by the guardian when the proposition of having the child placed in the custody of Hugh Roberts was advanced. He also complains because a stay of proceedings was not granted at the time asked for and upon notice that an appeal was being taken. It is unnecessary to discuss these questions or rule upon them on this appeal. It is not deemed advisable to treat of the objections to the admissibility of evidence here further than to say the rules excluding hearsay evidence seem to have been violated in several particulars to such an extent that it might have made necessary a reversal. A consideration of the entire record brings us to the conclusion that the petition is barren of allegations sufficient to call for action by the court; that the evidence does not warrant findings that the child's welfare has not been properly considered, protected, and provided for by the guardian, and therefore that the order removing James Bagley from the custody of his guardian and placing him in charge of Hugh Roberts until fourteen years of age or until the further order of the court was erroneously made. The ruling of the circuit court in the *habeas corpus* proceedings is within the practice approved in *Guardianship of Klein,* 95 Wis. 246,

70 N. W. 64, and *In re Stittgen,* 110 Wis. 625, 86 N. W. 563.

The application for the removal of the guardian was properly dismissed by the county court.

*By the Court.*—The order of the county court placing James Bagley in the custody of Hugh Roberts is reversed, with directions that the said James Bagley be returned forthwith to the custody of his guardian.