219 A.2d 915.

## PETITION OF DONALD J. LOUDIN.

JUNE 3, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This cause arises out of three separate and conflicting claims for the permanent custody of a ten-year-old orphan. It is before us on two separate appeals from the decree of a family court justice awarding such custody to a maternal aunt and her husband and denying the petitions of another maternal aunt and her husband, together with that of a paternal uncle and his wife.

The record establishes that Bruce Philip Loudin, Jr., and his wife Dorothy were residing with their three minor children in Tiverton, Rhode Island, when on October 22, 1963 said Bruce P. Loudin, Jr., died from injuries sustained in a fall down a flight of stairs in his home. On June 20, 1964, his widow Dorothy and two of the minor children were killed in an automobile accident. The eldest of the three children, Bruce Philip Loudin III, sustained injuries, but survived. He was ten years old at the time and the death of his mother and two younger brothers left him an orphan as well as the sole surviving member of his family.

On June 26, 1964 Donald J. Loudin of Norfolk, Virginia, brother of Bruce Philip Loudin, Jr., filed a petition in the family court praying for temporary and permanent custody of his nephew and godson who at that time was still under hospital care. Temporary custody was awarded ex parte and the petition for permanent custody was assigned for hearing pending publication thereof in a local newspaper.

On July 3, 1964 Billy Dolin of Swansea, Massachusetts, and his wife Mary N., a maternal aunt and godmother of

the boy Bruce, filed a petition to intervene praying that permanent custody be awarded to them.

On July 31, 1964 Talmadge C. Thompson of Wyoming, a suburb of Cincinnati, Ohio, whose spouse Lucille is another maternal aunt, filed a petition to intervene, praying that permanent custody be awarded to them.

On the purported authority of G. L. 1956, §8-10-3, as amended, the three petitions were heard together by a family court justice the first week in August 1964. In his decision he denied and dismissed the Loudin and Dolin petitions and awarded permanent custody to the Thompsons. From the decree entered in accordance therewith, the Loudins and Dolins filed separate claims of appeal together with their reasons therefor.

Out of an abundance of caution as to the proper procedure for review in this court, petitioners Dolin also prosecuted a bill of exceptions. They are properly before us, however, on their claim of appeal.

The specific provision of §8-10-3, as amended, on which the instant petitions are purportedly predicated is as follows: "* * * and custody of children in proceedings, whether or not supported by petitions for divorce or separate maintenance or for relief without commencement of divorce proceedings." This language was expressly designed to include within the jurisdiction of the family court those proceedings previously authorized as within the jurisdiction of the superior court when sitting as a court of domestic relations and set forth in §15-5-19. Prior to the transfer of jurisdiction to the family court, we stated in *Lynch* v. *Lynch,* 93 R. I. 143, cited with approval in *Pate* v. *Pate,* 97 R. I. 183, 196 A.2d 723, that the proper procedure for review in this court from a decision rendered pursuant to §15-5-19 was by way of a bill of exceptions.

It may well have been the references to procedure for review in those cases which suggested to counsel for peti-

tioners Dolin that review in the instant cause would be by way of a bill of exceptions. However, in *In re Petition of Smith,* 100 R. I. 663, 219 A.2d 126, we reviewed the procedure for appellate review as set forth in G. L. 1956, §14-1-52, as amended, effective January 10, 1966, and concluded that the appropriate procedure for review in this court from a decree of the family court entered pursuant to §15-5-19 is now by way of a claim of appeal. The petitioners Dolin bill of exceptions therefore is dismissed pro forma.

All petitioners and their respective spouses testified in detail as to their love and affection for the boy Bruce, the composition of their respective households, their incomes, home accommodations and their desires to provide a suitable home for their nephew.

In the view we take of this proceeding, however, an extensive discussion of such testimony would serve no useful purpose. Suffice it to observe that in the judgment of the family court justice the welfare of the boy Bruce would, on balance, be best served by awarding custody to the Thompsons.

The petitioners Loudin and Dolin argue vigorously and with minute specificity that the findings of the family court justice are clearly wrong and they point to those circumstances favoring their own positions which, they contend, were completely misconceived or overlooked. The Dolins, however, also argue that the family court justice exceeded his jurisdiction in making an award of permanent custody. They contend, in substance, that in the case of an orphan there is need for the appointment of a guardian in whom custody would repose as a matter of law. Further, they argue, jurisdiction in this regard is vested in the probate court. We think there is merit in these contentions.

Permanent custody, so called, with its attendant responsibilities, is an incident of guardianship and parents are the natural guardians of their children. See *Mowry* v. *Smith,*

82 R. I. 82, *Guardianship of Howard*, 218 Cal. 607, and *Guardianship of Bagley*, 203 Wis. 89. Yet, marital discord resulting in divorce or legal separation may render the principle of natural guardianship incapable of application as to both parents. In such cases the family court, pursuant to the provisions of §15-5-16, as the same is made applicable to said court by §8-10-3, as amended, has jurisdiction to award custody of the minor children to that parent who, in the judgment of the court, will most suitably serve the best interest of such children. See *McKim* v. *McKim*, 12 R. I. 462. So firmly imbedded in our system of jurisprudence is the principle of natural guardianship that, on the death of a parent to whom such custody has been awarded, the right to custody automatically reverts to the surviving spouse. *Mowry* v. *Smith, supra.*

Furthermore, pursuant to the provisions of §§14-1-32 and 14-1-34, the family court may award the custody of children abandoned or neglected by their parents to some appropriate agency approved by the state department of social welfare. In all such cases, the family court stands in loco parentis charged by the legislature with the responsibility of placing children who come within its protection in the custody of a person or agency qualified to provide them with the care and consideration they should have received from their parents.

However, the state is parens patriae for all of its citizens who may be under a legal disability. *Fontain* v. *Ravenel*, 58 U. S. (17 How.) 369. Where, as here, a child has been orphaned, the appointment of a guardian supersedes that of a custodian since the latter is contained within the former. In creating the family court the legislature, although transferring to it all of the jurisdiction previously vested in the juvenile court as well as the court of domestic relations, did not transfer jurisdiction of the appointment of guardians of minors but left it in the traditional jurisdiction

of probate courts. G. L. 1956, §33-15-3. Significant also of the general assembly's regard for the relationship of guardian and ward where said ward is an orphaned minor are the provisions of §§33-5-4 and 33-15-6. They authorize a surviving parent, having testamentary capacity, to nominate and appoint a guardian by will for his or her child or children. Further, by the provisions of §33-15-4 a minor, age fourteen or over, is given the right to nominate his own guardian.

We think it clear then that the family court has not been vested with jurisdiction to award custody of a minor orphan in contravention of the expressed intendment of the provisions relating to the appointment of guardians.

Counsel for the appellees Thompson and appellants Loudin argue that the Dolins did not raise the question of jurisdiction in the family court. Rather, they point out, the Dolins appeared as intervenors, praying that the family court award custody to them. That this is so, however, is immaterial since the question of jurisdiction may be raised at any stage of the proceedings. *Bertrand* v. *Zoning Board of Review,* 99 R. I. 329, 207 A.2d 604. If the court whose decision is challenged lacks jurisdiction, it follows that the decision is without validity even though all parties may have participated therein. See *Bowden* v. *Ide,* 48 R. I. 441, *Rathbun for an Opinion,* 43 R. I. 173, and *Weeden* v. *Town Council,* 9 R. I. 128.

However, in our judgment the intendment of §14-1-32 is sufficiently broad so as to authorize the family court to make an award of custody of a minor orphan pending the appointment of a guardian and to this extent the decree here under review is not erroneous. Nor have the appellant petitioners Loudin and Dolin convinced us that the temporary custody awarded to the Thompsons should be disturbed. The family court justice reviewed the testimony of all parties, commented on the impression they made and

demonstrated that his sole concern was for the best interest of Bruce. We are not persuaded that he overlooked or misconceived material evidence and the decree as to the claims of the petitioners Loudin and Dolin is not clearly wrong. *Loebenberg* v. *Loebenberg*, 85 R. I. 115.

We hold therefore that the award of Bruce's custody to the Thompsons pending the appointment of a guardian was not error.

The appeals are denied and dismissed insofar as they relate to the Loudin and Dolin claims for custody, the decree appealed from is modified as indicated, and the cause is remanded to the family court for further proceedings in accordance with this opinion.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for Donald J. Loudin.

*Macioci and Morrison, Ralph D. Morrison,* for Billy Dolin and Mary Dolin.

*Edwards & Angell, Knight Edwards, Richard M. Borod,* for Talmadge Thompson and Lucille Thompson.