**In the Matter of Donna Michele BUNTING.**

Supreme Court of Delaware.

Oct. 3, 1973.

Upon appeal from Superior Court in and for Sussex County. Reversed.

William E. Moore, Law Student, for appellant.

Paul R. Reed, Georgetown, for appellees.

HERRMANN, C. J., and CAREY and BIFFERATO, JJ., sitting.

BIFFERATO, Judge:

This is an appeal from an Order of the Superior Court terminating the parental rights of the father of a minor child, Donna M. Bunting, and transferring such rights to the Division of Social Services, State Department of Health and Social Services. The proceedings that precipitated the above Order were initiated by Reverend and Mrs. Joseph V. Aurillo, who had been awarded legal custody of Donna in accordance with an earlier Family Court Order which provided:

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the petition filed by Rev. and Mrs. Joseph V. Aurillo be hereby granted and that permanent care and custody of Donna M. Bunting, born March 11, 1965, be hereby awarded to Rev. and Mrs. Joseph V. Aurillo."

The determinative issue before this Court is whether the Aurillos have standing, under 13 Del.C. § 1104, to petition for termination of parental rights in this case.

13 Del.C. § 1104 in pertinent part provides:

"A petition for the termination of parental rights may be filed by any of the following:

\* \* \* \* \* \*

"(7) Any person or persons having legal guardianship of the person of the child;"

If the Aurillos have standing, it would, by necessity, be predicated upon the above provision.

The Aurillos contend that one who is vested with "permanent care and custody" of a child by virtue of a Family Court custody decree also has "legal guardianship of the person of the child" and may petition, under 13 Del.C. § 1104, for the termination of parental rights. In support of this contention, the Aurillos argue that "legal custody" is synonymous, under Delaware law, with "legal guardianship." The argument is, however, without foundation.

■ By statute, guardianship may extend to either the care of a minor's person or his property, or both his person and his property. 12 Del.C. § 3903. A guardian who is vested with the care of a minor's person is entitled to his custody. 39 C.J.S. Guardian and Ward § 56; Miller v. Miller, 158 Conn. 217, 258 A.2d 89, 91 (1969). Custody, even permanent custody, with its attendant responsibilities, is but an incident of guardianship. Consequently, appointment of a guardian supercedes that of a custodian since the latter is contained within the former. Petition of Loudin, 101 R. I. 35, 219 A.2d 915, 918 (1966).

The distinction between guardian and custodian was recently noted by our Court of Chancery in In re Two Minor Children, Del.Ch., 283 A.2d 859, 861 N. 1 (1971):

"Speaking generally, custody involves immediate care and control, while a guardianship indicates not only these responsibilities but those of a parent (loco parentis) as well."

The distinction becomes manifestly evident when the statutory powers of a guardian are compared to those of a custodian. The powers conferred upon a guardian are substantially broader than those conferred upon a custodian, one such example being the guardian's statutory power "to sue and defend for his ward." 12 Del.C. § 3921. 13 Del.C. § 1104(7) represents yet another example of the special statutory powers granted to a legal guardian as opposed to a legal custodian, i. e., the power to petition for the termination of parental rights.

■ It is also significant to note that, prior to its amendment in 1955, 13 Del.C. § 1104(5) extended to any persons or organization who had "actual care or legal custody" of an abandoned child the right to petition for the termination of parental rights. In amending § 1104, however, the Legislature chose to eliminate this provision. Consequently, § 1104 presently makes no mention of any right on the part of one in "actual care or legal custody" of a minor child to petition for termination of parental rights, but does continue to accord this right to a person having "legal guardianship of the person of the child." 13 Del.C. § 1104(7). The only reasonable conclusion that can be drawn from the 1955 amendment is that the Legislature intended to deny to legal custodians those rights formerly conferred upon them by the statute. This Court may not, of course, scrutinize the motivations for, nor the wisdom of the Legislature in amending the statute.

■ The Aurillos petitioned for the termination of the parental rights of Donna's father, and did so in the obvious belief that such was in the best interests of the child. This fact notwithstanding, the Aurillos were only the legal custodians of the child. They acquired that status by virtue of the Family Court decree awarding to them permanent care and custody of Donna. The Aurillos' legal status, however, was not elevated to that of legal guardianship of Donna's person by virtue of the Family Court decree. Our Court of Chancery alone is vested with the power to appoint guardians of both the person and the property of a minor. 12 Del.C. § 3903; 57 Del.Laws, c. 402; In Re Two Minor Children, supra.

Therefore, since the Aurillos are not "persons having legal guardianship of the person of the child," and do not otherwise qualify under 13 Del.C. § 1104 as persons with the statutory right to petition for termination of parental rights, the Superior Court Order terminating the parental rights of the father of Donna M. Bunting must be reversed.