357 A.2d 442.

NARRAGANSETT RACING ASSOCIATION *vs.* THOMAS MAZZARO.

MAY 18, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This case is controlled by G. L. 1956 (1969 Reenactment) §41-3-17 as enacted by P. L. 1960, ch. 148, §1. As construed in *Burrillville Racing Ass'n v. Garabedian,* 113 R. I. 134, 138, 318 A.2d 469, 472 (1974), that enactment accomplished two purposes: (1) it abrogated the common law rule permitting a racetrack operator to exclude or eject any person from its premises without

having to show cause therefor, and (2) it established as preconditions to such an exclusion or ejectment a determination by the racetrack operator that such a person is undesirable and that his presence is inconsistent with the orderly and proper conduct of the race meeting.

Although *Garabedian* had not yet been handed down when this case was decided in Superior Court, §41-3-17[1] had been in effect for almost 14 years, and the trial justice should have complied with its clear mandate. Instead, he construed it as a "mere restatement of the [common] law" and, consequently, even though the racetrack operator had not established the statutory preconditions, enjoined the defendant from entering upon, remaining upon, or enjoying the privilege of the plaintiff's racetrack.[2] This was error.

The defendant's appeal is sustained and the judgment appealed from is reversed.

*Stephen F. Achille, Armando O. Monaco, II,* for plaintiff.

*Joseph R. Penza, Jr.,* for defendant.

---

[1] General Laws 1956 (1969 Reenactment) §41-3-17 states:

"Any licensee hereunder shall have the right to refuse admission to and to eject from the enclosure of any race track where a race meeting licensed under the provisions of this chapter, is being held, any person or persons whose presence within said enclosure is, in the sole judgment of said licensee, its agents or servants, undesirable, and whose presence is inconsistent with the orderly and proper conduct of such race meeting."

[2] In *Burrillville Racing Ass'n* v. *Mello,* 107 R. I. 669, 270 A.2d 513 (1970), the parties' stipulation was that §41-3-17 was inapplicable and that the case was to be decided on the racetrack's common law right to exclude patrons. That stipulation and the court's disclaimer that §41-3-17 entered its deliberations vitiates any suggestion that the case could have been relied on by the trial justice as authority for holding that the enactment merely restated the common law rule.