360 A.2d 558.

ROBERT L. ARMSTRONG *vs.* RICHARD W. POLASKI.

JULY 19, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. In this civil action the plaintiff seeks damages for personal injuries and loss of earning capacity sustained as a result of a collision between a motorcycle operated by him and an automobile owned and allegedly operated negligently by the defendant. A Superior Court jury returned a verdict for the defendant and the case is now here on the plaintiff's appeal. His assignments of

error are to the trial justice's refusal to instruct the jury in accordance with his requests.

At the outset there is a procedural question. It arises because plaintiff originally ordered and filed only so much of the transcript of the proceedings as included the trial justice's instructions to the jury and his rulings on plaintiff's requests to instruct. In a brief filed on June 20, 1975, defendant argued that the absence of a complete transcript made it impossible for plaintiff to point to the facts adduced in evidence which would furnish a basis for his requests for instructions and therefore precluded him from arguing that failure to grant those requests constituted error. Thereupon, on his own motion and without prior leave of court, on February 16, 1976, plaintiff filed a complete transcript of the testimony with our clerk. The defendant then moved to strike that transcript on the grounds that his brief was based upon the abbreviated transcript originally filed by plaintiff, that to allow a supplementary transcript to be included in the record at that late date would necessitate the withdrawal of the brief he had previously filed and the preparation of a new one, and that the late filing in any event violated the rules of this court as well as of the Superior Court and should be expunged from the record. We denied that motion without prejudice, however, to defendant's right to raise the issue at oral argument. *Armstrong* v. *Polaski*, 116 R. I. 921, 355 A.2d 408 (1976).

At oral argument defendant, exercising the reserved right, again moved to strike. It is that issue which we now address, and we start by noting the general rule that failure to designate for inclusion in the record portions of the transcript that are material to the points intended to be raised on appeal is not necessarily fatal to a later filing of a complete transcript. *See Chapman*

v. *Rudd Paint & Varnish Co.*, 409 F.2d 635, 638 (9th Cir. 1969). Indeed, as noted by Professor Moore:

> "The term 'error or accident' found in the second sentence of Rule 10(e) should be broadly interpreted to permit the record to be supplemented by any matter which is properly a part thereof. Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge. Whatever the source of the 'error or accident' that results in the omission, Rule 10(e) authorizes correction of the record to supply the missing matter." 9 Moore, *Federal Practice* ¶210.08[1] at 1645 (2d ed. 175).

And when we look to Fed. R. App. P. 10(e) upon which our own Sup. Ct. R. 10(e)[1] is modeled, we find that the federal courts customarily have adopted Professor Moore's broad brush approach and have authorized the record to be supplemented by an additional transcript provided the party seeking relief has acted in good faith, and that to relieve him from the consequences of his error will not result in a disservice to the interests of justice. *See, e.g., Turk* v. *United States*, 429 F.2d 1327, 1329 (8th Cir. 1970); *American Chem. Paint Co.* v. *Dow Chem. Co.*, 164 F.2d 208, 209 (6th Cir. 1947). Despite this liberality in permitting error to be rectified, relief will not be granted if to do so will interfere with an orderly disposition of an appeal. In that event consideration of the appeal should not be postponed and those contentions that are

---

[1]Sup. Ct. R. 10(e), where material, reads as follows:

"Correction or Modification of the Record.

* * * If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the Supreme Court, or the Supreme Court, on proper suggestion or of its own initiative, may direct that the omission [or] misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."

dependent upon missing parts of the record should not be considered. Moore, *supra* at 1651-52.

When we apply these standards in this case we are not persuaded that the late filing, though perhaps evidencing a lack of an awareness that prior court permission was a requisite, constituted bad faith. Neither can we say that the interests of justice will be disserved if we now sanction adding the missing portions of the transcript to the record, thereby extending to plaintiff an opportunity to have his several contentions heard and considered. Our conclusion is at least partly influenced by our own prior failure to decide defendant's preargument motion to strike. Had we acted decisively then, we undoubtedly would have denied the motion with leave to defendant to file a new brief. Moreover, because the necessity for rebriefing would have been solely imputable to plaintiff's error, we probably would have conditioned that denial upon plaintiff's paying defendant's counsel for the preparation of a second brief. At this juncture, to take comparable action will, of course, result in a delay in the appellate process. But that delay is ascribable more to our inaction than to plaintiff's error, and consequently does not suffice as a reason for denying defendant's motion to strike, conditioned, however, upon plaintiff's paying defendant's counsel a fee of $750 of which $375 is to be paid within 20 days of the filing of this opinion and the remainder at least 5 days prior to the date fixed for reargument.

When we turn from the procedural to the substantive issues we find that for reasons already indicated, defendant neither briefed nor argued two of the three assignments

of error[2] advanced by plaintiff and accordingly we defer decision thereon pending rebriefing and reargument.

The defendant, however, responded both in his brief and in oral argument to plaintiff's additional contention that the trial justice erred in denying his request that the case be decided under the rule of comparative negligence made effective in this state by P. L. 1971, ch. 206, §1 [now G. L. 1956 (1969 Reenactment) §9-20-4, as amended].[3] First, defendant argues that the parties, through their counsel, orally stipulated in the court's presence prior to the commencement of the trial that the comparative negligence doctrine was inapplicable and that the case would be tried on the issue of defendant's negligence and plaintiff's contributory negligence; and second, that in any event the comparative negligence statute applied prospectively only and hence was unavailable in this case because the collision out of which plaintiff's claim arose antedated its enactment. We need only discuss the first of these responses because it is dispositive.

While plaintiff's counsel readily acknowledges that the applicability of the comparative negligence statute to this case was discussed at a conference in the trial justice's chambers, he is unable to recall having agreed that it

---

[2]Those assignments of error are the trial justice's failure to instruct the jury upon (1) the meaning of the phrase "prima facie" as used in G. L. 1956 (1968 Reenactment) §31-14-2 and (2) defendant's obligation to signal appropriately prior to turning off the road on which he was travelling.

[3]General Laws 1956 (1969 Reenactment) §9-20-4 reads as follows:
"In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may not have been in the exercise of due care shall not bar a recovery, but damages shall be diminished by the finder of fact in proportion to the amount of negligence attributable to the person injured, or the owner of the property or the person having control over the property."

should not apply. But the trial justice, on the other hand, is unequivocal in his recollection that "* * * it was agreed by all parties that this was a case controlled by contributory negligence, not comparative negligence," that plaintiff's counsel "acquiesced fully" in that agreement, and that "it was clearly understood that it would be a contributory negligence case." The defendant's version of the conference coincides with that of the trial justice. While this kind of disagreement as to what was said and what understandings were reached inescapably points to the advisability of either reducing stipulations to writing or including them in the transcript of the proceedings, neither was done here. In those circumstances, we accept the trial justice's, rather than plaintiff's, recollection of what was stipulated.[4]

We therefore must determine the effect of that stipulation. On that question courts generally say that the resolution of questions of law is a judicial function that should be approached uninfluenced by the agreements of the parties as to what the law is. *Estate of Sanford* v. *Commissioner*, 308 U. S. 39, 50-51, 60 S.Ct. 51, 59, 84 L.Ed. 20, 26 (1939); *American Chem. Paint Co.* v. *Dow Chem. Co., supra* at 209; *State* v. *Boggs*, 103 Ariz. 328, 331, 441 P.2d 778, 781 (1968); *DeCelle* v. *City of Alameda*, 186 Cal. App.2d 574, 579, 9 Cal. Rptr. 549, 553 (Dist. Ct. App. 1960); *City of Detroit* v. *Beckman*, 34 Mich. 125, 126 (1876); *Melcer* v. *Zuck*, 101 N. J. Super. 577, 584, 245 A.2d 61, 64 (App. Div. 1968).

Notwithstanding this rule of general application, this court recently in *Burrillville Racing Ass'n* v. *Mello*, 107

---

[4]*See* Sup. Ct. R. 10(e), the first sentence of which reads:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth."

R. I. 669, 270 A.2d 513 (1970), accepted the parties' stipulation that the issue there was whether at common law a racetrack operator could exclude any person it deemed undesirable (other than for race, color, religion or country of ancestral origin) without being compelled to show the reasons therefor. In reliance on that stipulation we refused to consider an excluded patron's contention that G. L. 1956 (1969 Reenactment) §41-3-17 altered the common law.[5] To that extent we departed from the general rule and held that pending this court's determination, parties may stipulate whether a case is controlled by common law principles or by the provisions of a newly enacted statute. That holding certainly accommodates the stipulation in this case. Hence, the rule of comparative negligence is out of the case and it was not error for the trial justice to refuse to charge the jury thereon.[6]

We retain jurisdiction so that the case may be reargued, but on condition that the plaintiff pay the counsel fees ordered in the amounts specified and at the times indicated. The defendant may file a revised brief within 30 days subsequent to his receipt of the first payment of counsel fees. If the plaintiff fails to accept the conditions imposed and does not pay the fees ordered, then, and without necessity of further order, his appeal will be

---

[5]Subsequently in *Narragansett Racing Ass'n* v. *Mazzaro*, 116 R. I. 354, 357 A.2d 442 (1976), and in *Burrillville Racing Ass'n* v. *Garabedian*, 113 R. I. 134, 138, 318 A.2d 469, 472 (1974), we held that the statute abrogated the common law and established preconditions to the exclusion of a patron.

[6]A collection of cases considering whether in negligence actions a statute substituting a rule of comparative negligence for that of contributory negligence as was done in G. L. 1956 (1969 Reenactment) §9-20-4 is to be applied retrospectively to causes accruing prior to the statute's effective date can be found at *Annot.,* 37 A.L.R.3d 1438 et seq. (1971).

overruled, and the judgment appealed from will be sustained.

*John Lynch,* for plaintiff.

*William Gerstenblatt,* for defendant.