**In re KIMBERLY AND JAMES.**

**No. 89–235–Appeal.**

Supreme Court of Rhode Island.

Dec. 4, 1990.

Phillip C. Koutsogiane and Charles M. Koutsogiane, Woonsocket, for petitioner.

James A. Bigos, Pawtucket and Brenda Coville Harrigan, Gunning, LaFazia & Gnys, Inc., Providence, for respondent.

## OPINION

MURRAY, Justice.

This case comes before us on appeal by the plaintiff, Marjorie Davenport (Davenport), from a Family Court judgment granting custody of two minor children to the defendant, Virginia Dube (Dube). We vacate the Family Court judgment. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff Davenport is the maternal grandmother of the minor children, and defendant Dube is their paternal aunt. On April 9, 1988, the children's parents, Sheryl and James Dube, were killed in a one-car accident. Shortly thereafter, Davenport filed for temporary guardianship in the West Greenwich Probate Court and also filed for custody in the Kent County Family Court. The Probate Court appointed Davenport temporary guardian on May 17, 1988. The Family Court awarded Davenport temporary custody ex parte and proceeded to hear the merits of the case.

After hearing all the evidence, the Family Court vacated its ex parte order of temporary custody and awarded permanent custody to Dube on May 23, 1989. Davenport's appeal to this court followed. On February 21, 1990, the Probate Court granted permanent guardianship to Davenport, which Dube has since appealed.

 Davenport claims four grounds for reversal. She first alleges that the Family Court lacked jurisdiction to award custody after the Probate Court appointed her as guardian. She cites *In re Loudin*, 101 R.I. 35, 219 A.2d 915 (1966), in support of her argument. *Loudin* involved a custody dispute over a ten-year-old boy among the boy's uncle and two aunts. The Family Court had awarded permanent custody to one of the aunts. On appeal we held that the Family Court had the authority to award permanent custody pursuant to divorce hearings or proceedings involving abandoned or neglected children. *Id.* at 39, 219 A.2d at 918. Where a child had been orphaned, however, the Family Court could award custody only until the Probate Court appointed a guardian because permanent custody was deemed an incident of guardianship. Therefore, the Family Court had no jurisdiction to award custody in contravention of the guardianship statutes. *Id.* at 38–40, 219 A.2d at 917–18.

In the case at bar the Family Court in its May 23, 1989 judgment observed that it had jurisdiction in the interim until a permanent guardian was appointed, pursuant to the dictates of *Loudin*. It is submitted, however, that the appointment of Davenport as temporary guardian by the Probate Court on May 17, 1988, removed jurisdiction from the Family Court. General Laws 1956 (1984 Reenactment) § 33–15–12 states:

"Every temporary guardian appointed as provided in § 33–15–10 shall have the *care and custody* of the person of his ward and the management of the estate of his ward, or *care and custody* of the person of his ward, or management of the estate of his ward, as the case may be, until he shall be legally discharged * * *." (Emphasis added.)

We determine from this language that custody, an inherent aspect of permanent guardianship, is similarly inherent in an appointment of temporary guardianship, the only difference being that temporary guardianship is subject to a final determination. The Family Court erred in not granting Dube's earlier motion to dismiss when the Probate Court appointed Davenport temporary guardian on May 17, 1988. Nevertheless, once the Probate Court appointed Davenport permanent guardian on February 21, 1990, the Family Court's award of custody became moot.

We therefore vacate the Family Court's award of custody to Dube. We would remind the parties that questions of jurisdiction may be raised at any time and are never waived. We note further that Dube has appealed the Probate Court appointment to the Superior Court. Pending final disposition of that appeal, Davenport will continue as guardian. *In re Estate of Taylor*, 114 R.I. 562, 566, 337 A.2d 236, 239 (1975).

 Having determined that the Family Court had no jurisdiction to award custody, we need not pass upon Davenport's arguments alleging reversible errors committed at trial. Instead we proceed to Davenport's final argument: that the trial justice committed reversible error in ordering Davenport to obtain and pay for the entire transcript and to pay attorney's fees.

Supreme Court Rule 10(b)(1) states:

"[T]he appellant shall order * * * a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record. Unless the entire transcript is to be included, the appellant shall * * * file and serve on the appellee a description of the parts of the transcript which the appellant intends to include in the record and a statement of the specific points upon which he or she intends to rely on the appeal. If the appellee deems a transcript of other parts of the proceedings to be necessary the appellee shall immediately order such parts from the reporter or procure an order from the trial court requiring appellant to do so. The ordering and payment of the copies of the transcript shall be in accordance with the rules of the trial court."

Davenport cites Rule 10(b)(1) to show that she was required to order only as much of the transcript as was necessary to support her appeal; the burden then fell to Dube to order any other necessary portions. In

ordering a partial transcript, however, Davenport failed to provide Dube with "a statement of the specific points upon which [Davenport] intend[ed] to rely on the appeal." Supreme Court Rule 10(b)(1). Davenport provided such a statement only after she was ordered to do so by the Family Court on Dube's motion.

In her statement Davenport listed seven points, including an allegation that "[t]he Court's findings were clearly wrong." Had we not dispensed with this argument procedurally, we would have required the entire transcript before us in order to make an effective determination on this ground. "[A] party seeking to have this court review alleged error, has the burden of furnishing us with so much of the record as may be required to enable this court to pass on the error alleged." *Chariho Regional High School District v. Town Treasurer of Hopkinton*, 109 R.I. 30, 45, 280 A.2d 312, 320 (1971). If the appealing party fails to provide us with a sufficient transcript, we cannot perform a meaningful review and have no choice but to uphold the trial justice's findings. *See Kelaghan v. Roberts*, 433 A.2d 226, 232 (R.I.1981) (court cannot pass upon asserted error without adequate transcript); *Watmough v. Watmough*, 430 A.2d 1059, 1061 (R.I. 1981) (impossible to review discretionary decision without evidence upon which trial justice relied). Therefore, it was in Davenport's best interest to provide us with the entire transcript so that, had we proceeded to do so, we could have performed a meaningful review of her arguments on appeal. Furthermore, it was within the trial justice's discretion to order Davenport to procure and to pay for the entire transcript upon Dube's request. Supreme Court Rule 10(b)(1).

█ Davenport also argues that the trial justice erred in requiring her to pay counsel fees to Dube's attorney. The record reflects that the counsel fees were awarded for the preparation and prosecution of motions compelling Davenport to provide the complete transcript. In the past, this court has awarded counsel fees in a similar situation. *Armstrong v. Polaski*, 116 R.I. 661, 360 A.2d 558 (1976). In *Armstrong* the plaintiff had ordered only a partial transcript, and the defendant contended that a complete transcript was necessary to support the plaintiff's appeal. On his own motion, and without leave of court, the plaintiff subsequently filed a complete transcript. The defendant moved to strike on the ground that the defendant's brief was based on the partial transcript originally filed. *Id.* at 662, 360 A.2d at 558–59. After hearing oral arguments, we denied the defendant's motion on the condition that the plaintiff pay counsel fees to the defendant for the cost of preparing a supplementary brief. *Id.* at 664, 360 A.2d at 560. Had Davenport, in our present case, filed a complete transcript initially, there would have been no need for her to pay counsel fees later on.

Finally we note that the Family Court has jurisdiction to award counsel fees when appropriate in child-custody matters. General Laws 1956 (1985 Reenactment) § 8–10–3(a), as amended by P.L.1988, ch. 84, § 7; *see In re Craig F.*, 518 A.2d 629, 630 (R.I.1986) (Family Court had no authority to award counsel fees to prevailing respondents in child-abuse proceeding, but payment of cost of transcript was affirmed). The counsel fees in this case were awarded in compensation for Dube's efforts in forcing Davenport to comply with Rule 10(b)(1), not as a prize to the prevailing party.

For the foregoing reasons the plaintiff's appeal is sustained in part and denied in part. The order of the Family Court imposing counsel fees is affirmed. The judgment of the Family Court awarding custody to the defendant is vacated, and the case is remanded to the Family Court with directions to dismiss the custody proceeding for want of jurisdiction.