James **TAGLIONE**

v.

Julia **METE.**

No. 95–531–Appeal.

Supreme Court of Rhode Island.

Oct. 24, 1996.

Paul S. Cantor, Providence.

Bernard Healy, Providence.

**ORDER**

This matter came before a panel of the Supreme Court for oral argument on October 15, 1996, pursuant to an order that directed the plaintiff, James Taglione, to show cause why the issues raised by his appeal should not be summarily decided. The plaintiff has appealed from a Superior Court denial of his motion for a new trial or for an additur in this motor vehicle collision case.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

On February 21, 1991, the defendant, Julia Mete, drove her automobile through a red-light and struck a pick-up truck, driven by plaintiff. On or about February 27, 1991, plaintiff sought medical treatment for the first time since the accident. At trial, plaintiff presented medical evidence that he had sustained injuries as a result of the collision. At the end of trial, the court directed a verdict on liability against defendant. In answer to interrogatories, however, the jury found that the collision was not the proximate cause of injuries to plaintiff. Consequently, no damages were awarded. The trial justice denied plaintiff's motion for a new trial or an additur and plaintiff filed this appeal.

On a motion for a new trial, the trial justice must make an independent appraisal of the evidence and assess the credibility of the witnesses. *Reccko v. Criss Cadillac Co.,* 610 A.2d 542, 545 (R.I.1992). If he or she determines that the evidence is so nearly balanced that reasonable minds could differ, the new trial motion should be denied. *Id.* However, if the trial justice determines that the jury verdict is against the fair preponderance of the evidence, then a new trial must be ordered. *Menard & Co. Masonry Bldg. Contractors v. Marshall Bldg. Systems, Inc.,* 539 A.2d 523, 527 (R.I.1988).

In the case before us, the jury arguably found plaintiff not credible in light of the discrepancies between his testimony and evidence on the record. Notwithstanding that plaintiff was probably seen as overreaching, there was evidence in the record sufficient to show some damages. Therefore, we remand this case to the Superior Court for a new trial solely on the issue of damages.

FLANDERS, J., did not participate.