**Timothy R.E. KEENEY, in his Capacity as Director, Rhode Island Department of Environmental Management**

v.

**Leslie Dodge SLATE.**

**No. 98–206–Appeal.**

Supreme Court of Rhode Island.

Oct. 14, 1999.

Catherine Robinson Hall, Providence.

Leslie D. Slate, pro se.

**ORDER**

This case came before the Supreme Court for oral argument on October 4, 1999, pursuant to an order directing the parties to appear in order to show cause why the issues raised on appeal should not be summarily decided. Leslie Dodge Slate (Slate) has appealed pro se from an entry of final judgment ordering him to pay contempt sanctions in the amount of $17,-108.76 with interests and costs. After hearing the arguments of Slate and of counsel for the Rhode Island Department of Environmental Management (DEM) and after examining the memoranda submitted by the parties, we are of the opin-

ion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

On May 6, 1996, DEM issued a notice of violation and order (NOVAO) to Slate for violating G.L.1956 § 2–1–21 by filling in wetlands and installing culverts within an area subject to storm flowage. Slate was ordered to cease and desist from further altering the wetlands and to restore the wetlands in accordance with the NOVAO requirements. Additionally, the NOVAO assessed $2,000 in administrative penalties. When Slate failed to request a hearing within ten days of his receipt of the NOVAO, the notice automatically became a compliance order pursuant to G.L.1956 § 42–17.1–2.

Heedless of the case and desist order, Slate continued unlawfully to alter the wetlands. On December 4, 1996, DEM filed a complaint in Superior Court which requested a temporary restraining order (TRO), a preliminary injunction, and a permanent injunction, and these were granted in December of 1996 and January of 1997.[1] On February 11, 1997, the Superior Court entered an order holding Slate in contempt of the TRO and the preliminary injunction. He was assessed a $500 penalty and a continuing penalty of $500 per day for each day he failed to remediate the violation. The order also sentenced him to thirty days at the Adult Correctional Institutions (ACI).

Slate continued to violate the court's orders, and subsequent contempt motions and orders followed. According to counsel for DEM, the Superior Court ordered Slate to comply with the NOVAO on ten occasions and adjudged Slate in contempt seven times. Slate spent approximately sixty days at the ACI, and on December 16, 1997, the Superior Court entered a final judgment against Slate, ordering him to pay $17,108.76[2] plus interest and costs

---

**1.** The complaint also named as defendants the two owners of the property. DEM claimed that these defendants substantially complied

with the orders. The instant appeal applies only to Slate.

**2.** This sum represented $14,108.76 expended by DEM, the Department of the Attorney Gen-

to DEM and prohibiting further alterations of the wetlands without prior written approval in accordance with G.L.1956 § 2–1–21. Slate filed a notice of appeal.

Slate argued on appeal that the judgment placed him in double jeopardy because in 1988, DEM had ordered him to cease and desist. When Slate did not comply with the 1988 orders, DEM referred the matter to the Attorney General's office for criminal prosecution in accordance with the Freshwater Wetlands Act, G.L.1956 § 2–1–24(a). Slate was subsequently convicted in District Court for failing to cease and desist from further alterations of wetlands.[3] Double jeopardy, however, does not bar the December 1997 judgment which stemmed from a different violation than did the 1988 conviction. Moreover, a double jeopardy argument would not apply to a civil contempt proceeding such as the one before us. *Ventures Management Co., Inc. v. Geruso*, 434 A.2d 252, 254 (R.I. 1981).

"In reviewing an adjudgment of contempt, the decision of the trial justice is given great deference and will not be disturbed absent a clear abuse." *Pontbriand v. Pontbriand*, 622 A.2d 482, 486 (R.I. 1993). We note that Slate failed to provide a transcript of the proceedings below, thereby effectively precluding us from ruling in his favor. "If the appealing party fails to provide us with a sufficient transcript, we cannot perform a meaningful review and have no choice but to uphold the trial justice's findings." *In re Kimberly and James*, 583 A.2d 877, 879 (1990). Nevertheless, it is our conclusion that the Superior Court justice justifiably held Slate in contempt for violating the TRO and the preliminary injunction. Slate's consistent disregard of numerous court orders evidenced his defiant violations.

eral, and the Department of Corrections in seeking compliance, a $2,000 administrative penalty, the original $500 penalty assessed on February 11, 1997, and $500 of the continuing daily fine.

Moreover, the sanctions imposed in the final judgment were designed to compensate DEM for the costs it incurred in seeking Slate's compliance. As such, the fine represented the Court's proper invocation of its civil contempt powers. *See Durfee v. Ocean State Steel, Inc.*, 636 A.2d 698, 704 (R.I.1994) (purpose of sanction in civil contempt is to coerce contemnor to comply with the court's order and to compensate the complaining party for its losses).

For these reasons, Slate's appeal is denied and dismissed. We affirm the final judgment of the Superior Court to which we remand the papers of the case.

3. Slate's appeal was eventually dismissed on procedural grounds with no consideration of the merits of the case.