Eleanor J. MONTELLA

v.

NISSAN MOTOR ACCEPTANCE CORP. et al.

No. 98–99–Appeal.

Supreme Court of Rhode Island.

Nov. 12, 1999.

Charles A. Hirsch, Cranston.

Rebecca C.H. McSweeney, Providence.

### ORDER

This case came before the Supreme Court for oral argument on November 3, 1999, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Eleanor Montella, has appealed the denial of her motion for a new trial after a jury returned a verdict in favor of the defendants, Nissan Motor Corporation (Nissan) and Allstate Insurance Company (Allstate). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

On April 18, 1994, plaintiff was involved in a three-car collision in Cranston, Rhode Island. While stopped at a traffic light, plaintiff was rear-ended by a vehicle driven by one John Sylvia (Sylvia), whose vehicle, in turn, had been struck from behind by the defendant Roberta Ruggieri (Ruggieri),[1] who was operating a vehicle owned by Nissan. The plaintiff filed this action, alleging injuries sustained as a result of the accident. The defendant conceded liability prior to trial, and accordingly, the jury was instructed solely on the issue of damages. The jury rendered a verdict in favor of defendants upon finding that plaintiff had failed to establish that her alleged injuries were proximately caused by Ruggieri's negligence. The plaintiff's appeal of the trial justice's denial of her motion for a new trial is now before us.[2]

The plaintiff argued that the jury verdict for defendants was contrary to the law as enunciated in *Taglione v. Mete*, 685 A.2d 277 (R.I.1996). In that case, the plaintiff sought damages for injuries alleged to have been caused by an automobile accident. Although the jury found the defendant negligent for causing the accident, it did not find that the accident was the proximate cause of the plaintiff's injuries and therefore declined to award damages to the plaintiff. This Court, reasoning that there was evidence in the record sufficient to show "some damages," remanded the case for a new trial solely on the issue of damages. Here, plaintiff's position is that *Taglione* mandates that a jury must make a damage award to every plaintiff who presents evidence of "some damage." This position fails to recognize, however, that a showing of damage does not relieve a plaintiff from the burden of showing that any damages sustained were proximately caused by a defendant's negligence.

On a motion for a new trial, "[t]he trial justice must make an independent appraisal of the evidence, passing upon the weight of the evidence and assessing the credibility of the witnesses." *Reccko v. Criss Cadillac Co.*, 610 A.2d 542, 545 (R.I.1992).

---

1. This suit was originally filed against Ruggieri and Nissan, but Ruggieri died before trial, and her insurer, Allstate, was substituted as a party defendant.

2. The plaintiff failed to order a transcript of the motion for a new trial, thereby precluding meaningful review. *In re Kimberly and James*, 583 A.2d 877, 879 (R.I.1990).

"Thereafter, the trial justice must determine whether the evidence and such inferences that flow therefrom are in such equilibrium that reasonable persons could arrive at differing results in deciding the case. If so, the motion for a new trial must be denied." *Menard & Co. Masonry Bldg. Contractors v. Marshall Bldg. Systems, Inc.,* 539 A.2d 523, 527 (R.I.1988). "Conversely, if the trial justice determines that the jury's verdict is against the fair preponderance of the evidence, a new trial must be ordered. *Id.*

It is our opinion that in the present case the jury's verdict was supported by the record. First, there was evidence to suggest that the accident was in fact only minor and could not have caused the substantial injuries of which plaintiff complained. Sylvia, the driver of the middle car, testified that he hit plaintiff's car with the force of a "slight tap," and there was minimal property damage to the vehicles to support the inference of a more significant accident. Moreover, there was sufficient evidence for a jury to find that the injuries plaintiff complained of were in fact caused by a more severe 1991 accident in which plaintiff was involved and/or a subsequent accident in November 1994.

On appeal, a trial justice's decision on a motion for a new trial "will be accorded great weight and will only be disturbed if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Izen v. Winoker,* 589 A.2d 824, 829 (R.I.1991). The jury in this case evaluated the evidence, assessed the credibility of witnesses, and made findings of fact on the basis of evidence over which reasonable minds could differ. Accordingly, we conclude that the trail justice was not clearly wrong, and we shall not disturb the denial of plaintiff's motion for a new trial.

We therefore deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior court, to which we remand the papers in this case.