**Supreme Court**
No. 2017-157-Appeal.

Raymond Boschetto          :

v.          :

Cindy Boschetto.          :

**O R D E R**

The plaintiff, Raymond Boschetto (plaintiff), is before the Supreme Court on appeal from a Family Court order granting a motion brought by the defendant, Cindy Boschetto (defendant), seeking to dismiss the plaintiff's appeal in this divorce action. Although the plaintiff timely ordered the transcripts pertinent to his appeal, the appeal ultimately was dismissed by the Family Court for failure to comply with Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure, and final judgment entered. For the reasons discussed herein, we vacate the judgment of the Family Court and reinstate the plaintiff's appeal.

This divorce action was filed by plaintiff in Family Court on June 24, 2015, and on June 6, 2016, a lengthy trial ensued. On September 26, 2016, the trial justice issued a decision granting the parties' divorce on the grounds of irreconcilable differences that led to an irremediable breakdown of the marriage. An amended decision pending entry of final judgment was entered on November 15, 2016; plaintiff filed a timely notice of appeal on December 2, 2016. On December 20, 2016, the plaintiff, representing himself, ordered partial transcripts from six separate trial dates and paid approximately $2,000 for them. However, pursuant to Rule 10(b)(1), plaintiff was required, within twenty days of filing his appeal, to

- 1 -

"order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record. *Unless the entire transcript is to be included, the appellant shall, within the time above provided, file and serve on the appellee a description of the parts of the transcript which the appellant intends to include in the record and a statement of the specific points upon which he or she intends to rely on the appeal.*" (Emphasis added.)

The plaintiff complied with the first requirement under Rule 10(b)(1) by timely ordering parts of the transcripts that he deemed necessary for his appeal; however, because plaintiff ordered only partial transcripts, he was required to provide defendant with a description of the portions of the transcript that he intended to include in the record and a statement of the specific portions of the record that he intended to rely upon on appeal. Upon becoming aware of the second requirement under Rule 10(b)(1), on January 30, 2017, plaintiff filed a motion for an extension of time to transmit the record to this Court. The defendant objected to plaintiff's motion for an extension of time, and also moved to dismiss plaintiff's appeal for failure to timely transmit the record. In response, on February 2, 2017, plaintiff provided the following notice to defendant:

"Now comes the [p]laintiff, Raymond Boschetto, Pro Se and notifies the [a]ppellee, Cindy Boschetto, that partial transcripts were ordered on December 20, 2016 as you are aware. The transcripts include hearing dates June 6, 7, 9, 23, 27, 28 and July 1st of 2016. The points to be appealed are contained within the transcripts, which have not been provided as yet from the Court Stenographer, and will be determined based on attorney advice upon review."

The defendant argued that this notice was not sufficient, as it did not provide the specific issues that plaintiff intended to pursue on appeal.

On February 3, 2017, a justice of the Family Court held a hearing on defendant's motion to dismiss plaintiff's appeal.[1]  The trial justice found that plaintiff did not timely comply with Rule 10(b)(1).  The trial justice noted that, because plaintiff did not order a complete transcript, he was required to identify the specific points to be raised on appeal.  The trial justice concluded that plaintiff's February 2, 2017, notice was insufficient and left everyone "in a quandary as to exactly what the issues are that [plaintiff wanted] to litigate on appeal."  The trial justice dismissed plaintiff's appeal.  On March 1, 2017, plaintiff filed a timely notice of appeal.

This Court reviews the dismissal of an appeal under the abuse-of-discretion standard. *Pelosi v. Pelosi*, 50 A.3d 795, 798 (R.I. 2012); *see also Sentas v. Sentas*, 911 A.2d 266, 269 (R.I. 2006); *Small Business Loan Fund Corporation v. Gallant*, 795 A.2d 531, 532 (R.I. 2002).  In this case, the trial justice found that plaintiff violated Rule 10(b)(1) because he did not provide adequate notice to defendant specifying the issues to be raised on appeal.  Although this Court has long adhered to a strict interpretation of Rule 10(b)(1), we acknowledge that there are circumstances that permit a trial justice to exercise his or her discretion under this rule.  *See In re Kimberly and James*, 583 A.2d 877, 879 (R.I. 1990) (trial justice afforded appellant time to provide a statement of the points she intended to rely on in her appeal before appeal was dismissed).  We conclude that such a circumstance exists in the case at bar.

A review of the record evinces that plaintiff, a *pro se* litigant, timely appealed a decision pending entry of a final judgment in this divorce action, that he timely *ordered* partial transcripts, and that he timely paid approximately $2,000 for the transcripts.  When plaintiff became aware of the second requirement under Rule 10(b)(1)—which mandates that he serve defendant with a statement specifying the issues to be raised on appeal—he immediately filed a notice informing

---

[1] The hearing justice also heard plaintiff's motion to stay the entry of final judgment pending appeal, as well as defendant's motion to enter a final judgment of divorce out of time.

defendant of the partial transcripts he had ordered.  The plaintiff also filed a motion for an extension of time to transmit the record, which was denied.

The trial justice found plaintiff's notice to defendant insufficient and not in compliance with Rule 10(b)(1).  We are of the opinion that such a finding in the circumstance at bar should not have been fatal to plaintiff's appeal.  *See Armstrong v. Polaski*, 116 R.I. 661, 662, 360 A.2d 558, 559 (1976) (holding that "the general rule that failure to designate for inclusion in the record portions of the transcript that are material to the points intended to be raised on appeal is not necessarily fatal to a later filing of a complete transcript").  We are satisfied that the plaintiff's situation is clearly distinguishable from prior cases in which we held that there was a violation of Rule 10(b)(1).  *See In re Kyla C.*, 79 A.3d 846, 847 (R.I. 2013) (mem.) (respondent never ordered transcripts and did not file for an extension of time); *Sentas*, 911 A.2d at 271 (no evidence that defendant ordered transcripts); *Stepp v. Stepp*, 898 A.2d 724, 725 (R.I. 2006) (mem.) (plaintiff failed to order any transcripts until four months after filing an appeal).

The dismissal of an appeal is a harsh remedy; and, in the case before this Court, the dismissal imposed a significant hardship on the plaintiff by depriving him of appellate review of his claims.  We conclude that the plaintiff's first request for an extension of time to transmit the record should have been granted, especially considering that there was no showing of prejudice to the defendant. The plaintiff should have been afforded the opportunity to supplement the record in order to specify the points he planned to raise on appeal.  Accordingly, we vacate the judgment of the Family Court.  The papers may be remanded to the Family Court with directions to reinstate the plaintiff's appeal.

Entered as an Order of this Court this _9th_ day of **May**, **2018**.

By Order,

/s/

_____

Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Raymond Boschetto v. Cindy Boschetto. | |
| **Case Number** | No. 2017-157-Appeal.<br>(N 2015-115) | |
| **Date Order Filed** | May 9, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Newport County Family Court | |
| **Judicial Officer From Lower Court** | Chief Judge Michael B. Forte | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Raymond Boschetto, Pro Se | |
| | For Defendant:<br><br>Thomas M. Dickinson, Esq. | |

SU-CMS-02B (revised November 2016)