341 A.2d 43.

ATLANTIC RICHFIELD COMPANY *vs.* ANTHONY W. DUPONT.

JULY 18, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us on the defendant's appeal from a judgment entered in the Superior Court affirming the report of a master who had been appointed

by a justice of that court. The matter is here in the context of the following pertinent facts.

The plaintiff filed a civil action in the Superior Court to recover the sum of $3,330.36 for goods allegedly sold by it to defendant. The defendant filed an answer denying plaintiff's claim and demanding a trial by jury. The parties subsequently waived a trial by jury and the case was assigned to the miscellaneous calendar for September 19, 1972. On that day the trial justice appointed a master under Super. R. Civ. P. 53(b)(2).[1]

On June 29, 1973, the master filed his report in the Superior Court. It indicates that this was an action on book account wherein plaintiff claimed that defendant owed it a certain amount for motor fuels, utilities, motor oil, certain moneys under a meter purchase plan, and a balance on a promissory note signed by defendant and his wife. The case involves the operation of a gasoline filling station in Bristol, Rhode Island. It appears from the master's report that after reviewing the exhibits and evidence, some of which was apparently conflicting, he made certain rulings and findings on the basis of which he concluded that plaintiff had proved by a fair preponderance of the evidence that it was entitled to the sum of $2,861.35, with interest and costs.

The defendant filed an objection to the report of the master. In substance his objections are that the master's findings are not supported by the evidence, that he overlooked material evidence, that he erred in weighing cer-

---

[1]Super. R. Civ. P. 53(b)(2) reads as follows:

"*Without Agreement.* In absence of agreement of the parties, a reference shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when an investigation of accounts is required; in an action to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

tain testimony, and that certain evidentiary rulings made by the master were in error.

The plaintiff filed a motion for confirmation of the master's report and for entry of judgment in accordance therewith. This motion, and defendant's objection to the master's report, were heard before a justice of the Superior Court who accepted the report, granted plaintiff's motion, and awarded the master a fee of $200, payment of which was to be divided equally between the parties. A judgment in accordance with the trial justice's decision was entered.

The defendant contends that the trial justice erred in accepting the report of the master. He bases his claim of error on the ground that the master's report, on which the judgment appealed from must stand or fall, is erroneous in several respects. He argues here, as he did in the Superior Court, that the findings made by the master are not supported by the evidence, that the master overlooked material evidence, that he erred in weighing certain testimony, and, finally, that certain evidentiary rulings made by him were erroneous. In summary, it is clear that all of the objections and arguments made by defendant relate to evidentiary rulings, to questions of weight and credibility, and to the question of whether the master's findings are supported by the evidence.

The defendant is now asking this court to review the alleged errors. However, the record before us contains no transcript of the proceedings before the master or the trial justice. Indeed, we were informed during oral argument that at the commencement of the hearing before the master, he asked counsel for both parties whether they wished a stenographic transcript of the proceedings before him, that they waived same, and that neither party ever requested the master to make a record of evidence offered and excluded as was their right under the provisions of

Super. R. Civ. P. 53(c).[2] Nor have the parties furnished this court with a statement of evidence or proceedings as permitted under Super. R. Civ. P. 75(c).[3]

In the absence of a transcript or other adequate record of the proceedings below, there can be no meaningful review of the objections made by the defendant to the report of the master, or of the issues raised by him in this appeal.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

*David Hassenfeld,* for plaintiff.

*Robert M. Brennan,* for defendant.

---

[2]The pertinent provisions in Super. R. Civ. P. 53(c) read as follows:
"When a party so requests, the master shall make a record of the evidence offered and excluded in the same manner and subject to the same limitations as provided in Rule 43(c) for a court sitting without a jury."

[3]Super. R. Civ. P. 75(c) provides as follows:
"Statement of Evidence or Proceedings When No Report Was Made or Transcript is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objection or proposed amendments shall be submitted to the Superior Court for settlement and approval and as settled and approved shall be included by the clerk of the Superior Court in the record on appeal."