Patricia WATMOUGH

v.

Roy Peter WATMOUGH.

No. 79–109–M.P.

Supreme Court of Rhode Island.

June 16, 1981.

Nancy Palmisciano, Providence, for plaintiff-respondent.

Leonard A. Kamaras, Providence, for defendant-petitioner.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari seeking review of a decision by a justice of the Family Court. Because the petitioner, Roy Peter Watmough, has provided only a partial transcript of the Family Court proceedings, our statement of the relevant facts is necessarily brief.

On November 10, 1978, a justice of the Family Court entered a decree granting to Patricia Watmough (the mother) a divorce from Roy Peter Watmough (the father). The decree granted custody of the couple's two minor children to the mother, but provided reasonable visitation rights to the father. Prior to entry of the decree, the father filed a motion seeking that the mother be adjudged in contempt for failing to make the children available for visitation. Following a hearing on November 17, 1978, the Family Court justice denied the motion and entered an order suspending the father's visitation rights. It is this order that the father attacked by petition for certiorari, which petition we granted on April 19, 1979. *Watmough v. Watmough*, R.I., 401 A.2d 1296 (1979).

The father argues that at the hearing the Family Court justice erroneously denied the father's attorney an opportunity to cross-examine the couple's eldest child. Apparently, this twelve-year-old girl had been questioned by the judge in chambers and at a previous court hearing. In alleging error, the father fails to articulate what he hoped to elicit on cross-examination. We shall assume, however, that he would have attempted to challenge the child's reasons for wishing to avoid contact with the father. The trial justice, noting that the child had suffered enough trauma, forbade any cross-examination.

Although cross-examination is widely regarded as the keystone of the fact-finding process, it is not an unbridled concept.[1] Our cases have consistently held that the scope and extent of cross-examination are subject to limitations within the sound discretion of the trial justice. *E. g., Burns v. Janes*, R.I., 398 A.2d 1125, 1128 (1979); *Pansey v. Pansey*, 115 R.I. 97, 102, 340 A.2d 120, 124 (1975); *Calci v. Brown*, 95 R.I. 216, 220, 186 A.2d 234, 236–37 (1962); *T.N. Glass Corp. v. Adolph Aron & Son*, 147 A. 667, 668 (R.I.1929). On review, we shall disturb such a determination only if we are convinced that it constituted an abuse of discretion. *Pansey v. Pansey, Calci v. Brown, T.N. Glass Corp. v. Adolph Aron & Son*, all *supra; see State v. Wallace*, R.I., 428 A.2d 1070 (1981). Furthermore, we have held in previous domestic relations cases that an evidentiary decision will constitute reversible error only if the trial justice determined a disputed right on the basis of the erroneously admitted or excluded evidence. *Pansey v. Pansey, supra; Feuti v. Feuti*, 92 R.I. 219, 224–25, 167 A.2d 757, 760 (1961).

In the instant case, the father argues vehemently that the trial justice abused his discretion in refusing him an opportunity to cross-examine this child. Our review is hindered, however, because the sparse transcript that the father provided gives us little data for our evaluation of the manner in which the trial justice exer-

1. *See* 5 Wigmore, *Evidence* § 1367 at 32 (Chadbourn rev. 1974) (proper control is necessary to remedy potential for abuse of power of cross-examination).

cised his discretion. A party who urges this court to review alleged error "has the burden of furnishing us with so much of the record as may be required to enable this court to pass on the error alleged." *Chariho Regional High School District v. Town Treasurer of Hopkinton*, 109 R.I. 30, 45, 280 A.2d 312, 320 (1971); *see Atlantic Richfield Co. v. DuPont*, 115 R.I. 156, 159, 341 A.2d 43, 44 (1975) (inadequate transcript prevents meaningful review). The transcript before us consists of fewer than three pages wherein the trial justice reveals his decision not to allow cross-examination. It does not include a record of direct examination. Without a transcript of the direct examination of this witness, we are at a loss to determine what the father could have accomplished on cross-examination. On such a record it is practically impossible to review a discretionary decision, resting as it undoubtedly does upon many different facets of the controversy that was before the Family Court. Because the father has provided us with a transcript that is inadequate to make a determination regarding the exercise of discretion, we can only conclude that there was no abuse. *Chariho Regional High School District v. Town Treasurer of Hopkinton*, 109 R.I. at 45, 280 A.2d at 320.

Other issues raised by the father on this petition are without merit and need not be specifically discussed in this opinion.

For the foregoing reasons, the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case are ordered returned to the Family Court with our decision endorsed thereon.

SHEA, J., did not participate.