Edward J. WALSH et al.

v.

RHODE ISLAND DEPARTMENT
OF TRANSPORTATION.

No. 92–627–M.P.

Supreme Court of Rhode Island.

Feb. 23, 1994.

William F. Calise, Coventry, Frederick A. Costello, Robert H. Friel, Lynch, Costello & Friel, Warwick, for plaintiff.

Eugene Coulter, Dept. of Transp., for defendant.

OPINION

MURRAY, Justice.

This case is before this court pursuant to a petition for certiorari. The petitioner, the Rhode Island Department of Transportation (DOT), challenges a *sua sponte* order by a District Court judge transferring eleven pending administrative appeals, arising from motor-vehicle violations, to the newly created Administrative Adjudication Court. We note that two of the respondents have filed memoranda agreeing with DOT's position, and as of the date of oral argument we have not received a memorandum adverse to the position of DOT.

In 1992 the General Assembly amended chapter 43 of title 31 of the General Laws to provide for the creation of an Administrative Adjudication Court (AAC) in place of the former Division for Administrative Adjudication (AAD). *See* G.L.1956 (1982 Reenactment) § 31–43–1, as amended by P.L.1992, ch. 453, §§ 1,3. The act creating the AAC took effect on September 1, 1992.

Prior to the 1992 amendment a motorist contesting an alleged violation of a state traffic law or an action adverse to the motorist's license or registration would appear first before an administrative hearing officer of the AAD. The aggrieved motorist's first level of appeal was to an appeals board within the AAD. His or her second level of appellate review was to the Sixth Division of the District Court. A final opportunity for discretionary review, governed by chapter 35 of title 42 of the General Laws, was provided for in this court. *See* former G.L.1956 (1982 Reenactment) § 31–43–4.

As of September 1, 1992, aggrieved motorists begin their judicial journey before a judge of the AAC. The first level of appeal is provided for before an appeals panel of three judges of the AAC. Final judicial review is provided by certiorari to this court. *See* G.L.1956 (1982 Reenactment) § 31–43–4, as amended by P.L.1992, ch. 453, § 4. The 1992 amendment eliminated appellate review previously undertaken by the Sixth Division District Court.

The record before this court reflects that the instant appeals were not filed with the

District Court until on or after the effective date of the amendment. Premising his actions upon the amended version of § 31–43–4, the District Court judge transferred the cases to the appellate division of the AAC "for further review consistent with law."

The DOT argues that the amendment to the statute should not be applied retroactively to the pending appeals. The DOT avers that it would be a waste of judicial resources to send the cases back to the AAC because they have been reviewed by its predecessor, the AAD. The DOT requests that this court remand the cases to the Sixth Division District Court for a hearing and a decision on their appeals.

■■■■ Our review is limited to the question that appears in the petition for the writ. *Berberian v. Department of Employment Security,* 414 A.2d 480 (R.I.1980). Therefore, our examination is confined to the specific question of which version of § 31–43–4 must be applied to motor-vehicle-violation determinations of the AAD occurring before the amendment date but appealed on or after such date.

It is well settled that statutes and their amendments are generally applied prospectively. *Lawrence v. Anheuser–Busch, Inc.,* 523 A.2d 864, 869 (R.I.1987). "It is only in the event that a statute contains clear and explicit language requiring retroactive application that a statute will be interpreted to operate retrospectively." *Avanzo v. Rhode Island Department of Human Services,* 625 A.2d 208, 211 (R.I.1993). The 1992 amendment to chapter 43 of title 31 of the General Laws is silent on the issue of retroactive application. Therefore, in the absence of specific language or any necessary language to the contrary, we must construe legislative intent to apply the statute prospectively. "There is no indication in the language of the statute that any such retroactive effect was intended." 625 A.2d at 211.

No logic would be served by a retroactive application of the amendment. If we chose to interpret this amendment as applicable to these cases retroactively, we would be sending the cases back to the same administrative agency, albeit now a court, that reviewed them in the first instance. In sending the cases back to the AAC, we run the risk that the same judges, or panel of judges, would be hearing the appeals for a second time. In our view this procedure would result in a clear exposition of wasted judicial resources. Consequently the unamended version of § 31–43–4 must be applied to motor-vehicle-infraction determinations occurring before the amendment date but whose aggrieved parties appealed on or after that date.

For the reasons heretofore stated, the petition for certiorari is granted and the order of the District Court is quashed. The papers in this case are remanded to the District Court with our decision endorsed thereon.