**Lou Ann LAURO**

v.

**Kenneth G. KNOWLES, M.D. et al.**

No. 94–693–Appeal.

Supreme Court of Rhode Island.

Dec. 15, 1995.

Miriam Weizenbaum, Pawtucket, Amato DeLuca, Providence.

Richard Burrows, Dennis McCarten, Providence.

### ORDER

This case came before the court for oral argument December 8, 1995 pursuant to an order entered on September 21, 1995 directing the plaintiff to show cause why her appeal should not be dismissed. After hearing the arguments of counsel and examining the memoranda submitted by counsel, we are of the opinion that cause has not been shown.

The plaintiff has appealed from the entry of summary judgment in favor of three of the five defendants, namely, Tejinder Saingh Saluja, M.D., Judith Baker, and Associates in Anesthesia in accordance with Super.R.Civ.P. 54(b). The trial justice had found that the plaintiff's amended complaint, adding the three previously named parties to the case, did not relate back to the date of the filing of the plaintiff's original complaint due to her inexcusable neglect and lack of due diligence in ascertaining the names of the added defendants, within the applicable period of the statute of limitation and consequently, was time barred. From our review of the record, we are unable to find that the trial justice abused her discretion or erred in her conclusion of inexcusable neglect and lack of due diligence.

The plaintiff's appeal is denied and dismissed, the summary judgment is affirmed and the papers of the case are remanded to the Superior Court.

■

**Paul F. LISCHIO et al.**

v.

**Matthew J. GILL, Jr.**

No. 95–40–A.

Supreme Court of Rhode Island.

Dec. 15, 1995.

James Sloan, III, Providence.

Eugene Coulter, Newport.

### ORDER

This case came before the court for oral argument on December 8, 1995 pursuant to an order of this court entered on September 21, 1995 directing the defendant to show cause why his appeal should not be summarily denied and dismissed.

The defendant appeals from a Superior Court judgment in favor of the plaintiffs in the amount of $218,106., including interest. The judgment, entered after trial before a Justice of that court sitting without a jury, represented what the trial justice had found to be the fair market value of real estate owned by the plaintiffs and taken from them by condemnation.

At trial, real estate experts for both the plaintiffs and the defendant testified as to the fair market value of the subject property on the date of condemnation. The trial justice, whose finding we accord great weight, accepted as credible the value as testified to by plaintiffs' expert and rejected the opinion value offered by the defendant. Our review of the record fails to show any abuse of discretion or error on the part of the trial justice. The defendant has failed to show that she misconceived any material evidence in arriving at her finding of fair market value. Accordingly, cause not having been shown by the defendant, his appeal is denied and dismissed and the Superior Court judgment is affirmed.

BOURCIER, J., did not participate.