**Paul F. LISCHIO and Marguerite Lischio**

v.

**Matthew J. GILL, Jr., et al.**

**No. 96–291–Appeal.**

Supreme Court of Rhode Island.

Oct. 27, 1997.

James M. Sloan, III, Kristen Sloan Maccini, Providence.

Eugene Coulter, Newport.

**ORDER**

This case came before the Supreme Court on October 15, 1997, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiffs, Paul F. Lischio and Marguerite Lischio, have appealed from a court order granting the motion to correct judgment made by the defendant, Matthew J. Gill, Jr.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

Real property belonging to plaintiffs was acquired by the State of Rhode Island through condemnation proceedings in January of 1987. The initial determination of plaintiffs' damages by the Superior Court was reversed by this Court and the case was remanded. *Lischio v. Boffi*, 643 A.2d 178 (R.I.1994). The retrial on damages resulted in a judgment for plaintiffs of $222,206, and an order in that amount was entered on October 24, 1994. Pursuant to G.L. 1956 (1990 Reenactment), Sections 37–6–23 and 37–6–29, the sum included 12 percent interest and costs. The defendant appealed, and this Court dismissed the appeal and affirmed the judgment. *Lischio v. Gill*, 668 A.2d 1266 (R.I.1995).

On January 22, 1996, defendant filed a motion to correct this judgment based on revisions to Sections 37–6–23 and 37–6–29 enacted on July 11, 1994. The new law requires that interest calculations be based on "the average accepted auction price for the auction of fifty-two (52) week United States treasury bills from the date interest began to accrue to the date of the judgment," instead of the 12 percent per annum rate. Application of this new rate reduced plaintiffs' judgment by approximately $38,000. Following the granting of that motion, plaintiffs filed the instant appeal.

The plaintiffs argued that once the judgment became final, the amount of interest could not be reconsidered, and therefore, the granting of defendant's motion was error, citing *In re Sherman*, 565 A.2d 870 (R.I. 1989). In *In re Sherman*, however, final judgment had entered *prior* to the legislative enactment that would have provided for the addition of interest on the award. After pointing out that the doctrine of res judicata barred reconsideration of the award because the trial court had fully considered the issue, this Court concluded that "if the Legislature intends to allow a party to collect interest on a judgment ... the Legislature must act *before* the entry of final judgment." *Sherman* at 872.

It is well settled that statutes and their amendments apply prospectively. *Walsh v. Rhode Island Dept. of Transportation*, 637 A.2d 774, 775 (R.I.1994). If, however, the language of a statute clearly requires retroactive application, the statute will be interpreted as applying retrospectively. *Avanzo v. Rhode Island Dept. of Human Services*, 625 A.2d 208, 211 (R.I.1993). The clear language of G.L. 37–6–23 requires that the new rate be applied "to all pending cases where a petition for assessment of damages has been filed but final judgment has not been entered." P.L.1994, ch. 258, sec. 3. Because

final judgment in this case was entered December 15, 1995, over five months after the July 11, 1994 enactment date, the trial justice correctly applied the statute.

The plaintiffs also argued that the determination of the rate of interest at the time of judgment was a discretionary function of the trial justice and therefore should not be altered. The plain language of G.L. 37–6–23, however, does not provide for discretion on the part of the trial justice. Rather, the statute clearly states that "interest on any judgment shall be computed at the rate as set out herein," which rate has been specified as "the average accepted auction price of fifty-two (52) week United States treasury bills from the date interest began to accrue to the date of the judgment." Therefore, when final judgment was entered in this case, the 1994 statutory rate of interest should have been added. Because an incorrect rate was calculated, the court was permitted to amend this "clerical" error at any time pursuant to Rule 60(a).

Therefore, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court, to which we remand the papers in the case.

BOURCIER and GOLDBERG, JJ., did not participate.