# RICHMOND SQUARE CAPITAL CORPORATION

## v.

## INSURANCE HOUSE and Ocean State Building and Wrecking, Co. Inc.

### No. 98–471–A.

Supreme Court of Rhode Island.

Nov. 23, 1999.

John C. Manni, Johnston, Vincent A. Indeglia, Providence.

Fred J. Volpe, Kingstown.

## ORDER

The defendant, Ocean State Building and Wrecking, Inc. (Ocean State), appeals from the entry of judgment for the plaintiff, Richmond Square Capital Corporation (Richmond Square), on Richmond Square's claims of unjust enrichment and conversion. Following a prebriefing conference held in accordance with Rule 12A(3)(b) of the Rules of Appellate Procedure, this appeal was referred to the full Court at a session in conference for possible disposition without oral argument. Having reviewed the memoranda filed by the parties and other materials in the record, we proceed to decide this appeal at this time.

This case arose from the proposed demolition of the Shepard Building in Providence in 1991. Richmond Square's predecessor, Westminster Parking Corporation (Westminster), was a commercial property developer which owned the Shepard Building. In the summer of 1991, Westminster contracted with Ocean State to have Ocean State prepare the building for possible demolition and to perform the demolition, if Westminster decided to carry it out. In 1991, Ocean State obtained a payment and performance bond and an insurance policy from defendant Insurance House. Westminster paid the premiums for the bond and insurance, because Ocean State was unable to do so at that time. Ultimately, Westminster decided not to demolish the building, and instead sold it to the State of Rhode Island.

Because the demolition did not occur, the performance bond was never issued. When Westminster sought a refund of the unearned premiums, Insurance House initially refused to pay without getting permission from Ocean State, the named insured. Later, Insurance House credited the unearned premiums to Ocean State. As a result, Westminster filed a complaint against Insurance House for breach of contract and conversion, seeking the balance of the unearned premiums. Westminster also filed an amended complaint against Ocean State for unjust enrichment and conversion. Ocean State filed an answer and a counterclaim for breach of contract. In its counterclaim, Ocean State argued that its principal, Harry Baccarie, was entitled to a consulting fee of $50,000 regardless of whether the demolition was performed.

Before trial commenced, Westminster was granted leave to substitute its successor corporation, Richmond Square, as the proper plaintiff. All of Westminster's assets and liabilities had been assigned to Richmond Square, and its certificate of incorporation had been revoked. Ocean State and Insurance House then moved to dismiss on the ground that Westminster lacked standing to bring this suit. The trial justice denied the motion, reasoning that there was a valid assignment of all rights, assets, and liabilities of Westminster to Richmond Square while Westminster was still an extant corporation.

At the close of trial, the jury found for Richmond Square against Ocean State on Richmond Square's claims of unjust enrichment and conversion. On the unjust enrichment claim, the jury awarded $22,919, the amount of the unearned premiums, and on the conversion claim the jury awarded $6,000. On Ocean State's counterclaim, the jury found no breach of contract, but did find that Ocean State was entitled to damages on the theory of quan-

tum meruit. The jury awarded Ocean State $6,000. The jury also found for Insurance House on Richmond Square's claims against it.

On appeal, Ocean State reprises its argument that Westminster Parking Corporation had no standing to bring suit. Ocean State also argues that the jury's award of damages to Ocean State should have been based on breach of contract rather than unjust enrichment. Moreover, Ocean State suggests that the award of $6,000 to it for unjust enrichment was completely and unfairly offset by the award of $6,000 to Richmond Square on its conversion claim.

We find no merit in Ocean State's arguments. First, Richmond Square was properly substituted for Westminster. Westminster's only tangible asset was the Shepard Building, and after the building was sold, Westminster decided to let its corporate charter lapse. Richmond Square, Westminster's parent corporation, then formally agreed to assume all of Westminster's assets and liabilities, including this lawsuit. After doing so, Richmond Square moved to amend the complaint to substitute itself for Westminster. Because Richmond Square is Westminster's legal successor-in-interest, and because it was properly substituted as the party plaintiff, the trial justice correctly declined to dismiss the case on this ground.

Second, Ocean State has offered no reason to set aside the judgment. Ocean State itself proceeded at trial on two alternate theories: breach of contract and unjust enrichment or quantum meruit. The trial justice gave proper instructions on both theories. The jury determined that there had been no breach of contract, but that defendant Ocean State was entitled to $6,000 on a theory of quantum meruit. There was sufficient evidence in the record regarding preliminary site preparation work performed by Ocean State to support such an award. The fact that this award was equal in amount to the jury's award to Richmond Square for conversion does not justify setting aside the verdict. We note that the trial justice had the opportunity to review the evidence when he considered Ocean State's motion for a new trial. If a trial justice properly reviews the evidence, commenting on the weight of the evidence and the credibility of witnesses, and uses independent judgment, the justice's decision will not be overturned unless he or she overlooked or misconceived material evidence or was clearly wrong. *Kurczy v. St. Joseph Veterans Ass'n, Inc.*, 713 A.2d 766, 770 (R.I. 1998). In this case, Ocean State failed to order a transcript of the new trial hearing, so we are hampered in our review of the trial justice's decision. When an appealing party fails to provide a transcript sufficient to enable this court to perform a meaningful review of the challenged ruling, we will uphold the trial justice's findings. *May v. Penn T.V. & Furniture Co.*, 686 A.2d 95, 98 (R.I.1996) (citing *In re Kimberly and James*, 583 A.2d 877, 879 (R.I.1990)).

For the reasons cited, the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers are hereby remanded to the Superior Court.