Lou Ann LAURO

v.

Kenneth G. KNOWLES, M.D., et al.

No. 2000–223–Appeal.

Supreme Court of Rhode Island.

Dec. 14, 2001.

Scott P. Tierney, Bret Jedele, Providence, for Plaintiff.

Joseph A. Kelly, Paula A. Kelly/Adam C. Robitaille, Robert P. Landau, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This is the plaintiff's third appearance before this Court on issues stemming from

litigation in connection with alleged medical malpractice by the defendant, Dr. Kenneth Knowles, M.D. (defendant or Knowles), an orthopedic surgeon. On October 30, 2001, this Court issued an order directing the parties to appear and show cause why the issues raised in this appeal should not be decided summarily. After hearing the arguments of counsel and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal at this time.

On May 24, 1988, Knowles performed a procedure on Lou Ann Lauro (plaintiff or Lauro) known as a release transverse carpal ligament operation to alleviate carpal tunnel syndrome in her right wrist. In preparation for the surgery, plaintiff was administered anesthesia by an anesthesiologist who is not a party to this suit. However, plaintiff suffered an injury that occurred during the taping of her eyes or in the course of some other anesthesia-related procedure that resulted in an abrasion to the cornea of her right eye.

In *Lauro v. Knowles,* 668 A.2d 1266 (R.I.1995) (*Lauro I* ), we affirmed the grant of summary judgment because the period provided in the applicable statute of limitations for bringing suit against those responsible for administering the anesthesia had expired. In *Lauro v. Knowles,* 739 A.2d 1183, 1185 (R.I.1999) (*Lauro II* ), we upheld summary judgment in favor of Knowles with regard to the *res ipsa loquitur* claims advanced by plaintiff and for the claim that Knowles was liable because he was "captain of the ship" in the operating room. However, we reversed the trial justice's decision granting summary judgment on the question of informed consent. Specifically, we noted that the motion justice failed to address whether the risk of a patient's suffering a corneal abrasion from the proposed medical procedure was so

remote or of such relatively trivial impact that summary judgment was proper. *Id.* at 1187. Knowles and St. Joseph Hospital subsequently renewed their motions for summary judgment on this issue. Following a hearing, the trial justice granted summary judgment in favor of both St. Joseph Hospital and Knowles, finding that plaintiff had failed to come forward with any evidence supporting the proposition that she unknowingly had been subjected to a material risk.

■ Summary judgment may be granted only when, after all reasonable inferences have been drawn in favor of the nonmoving party, no material facts are in dispute. *Superior Boiler Works, Inc. v. R.J. Sanders, Inc.,* 711 A.2d 628, 631 (R.I. 1998). Once the moving party has demonstrated that there is an absence of disputed facts, the nonmoving party bears the burden of coming forward with an affirmative showing that issues of fact are indeed in dispute. *Id.* at 632. This can be accomplished through affidavits or the production of other evidence. *Bourg v. Bristol Boat Co.,* 705 A.2d 969, 971 (R.I.1998). The nonmoving party may not rely upon mere allegations or denials in his pleadings to establish the existence of a genuine issue of material fact. *Id.*

■ The defendants submitted affidavits in support of the proposition that there was no genuine issue of material fact relative to the doctor's duty to inform in this case. In *Lauro II,* we clearly delineated the applicable law of medical malpractice, holding that it " 'is not necessary that a physician tell the patient any and all of the possible risks and dangers of a proposed procedure.' " *Lauro II,* 739 A.2d at 1186 (citing *Getchell v. Mansfield,* 260 Or. 174, 489 P.2d 953 (1971)). A physician is bound to disclose all known material risks peculiar to the proposed surgery or treatment. The materiality of a risk is the

significance a reasonable person, in what the physician knows or should know is his or her patient's position, would attach to the disclosed risk in deciding whether to submit to surgery or treatment. *Lauro II*, 739 A.2d at 1186. While stating in *Lauro II* that this would ordinarily be a determination for the trier of fact, we also recognized that "not every lack-of-informed-consent claim automatically requires a jury." *Id.* at 1187. We specifically stated that when the possibility of a patient suffering an adverse consequence is so remote, or of such relatively trivial impact, summary judgment may be proper. *Id.*

 To that end, defendants submitted affidavits demonstrating that the risk to plaintiff was indeed so small and of such insignificant and trivial impact as to render summary judgment appropriate in this case. Doctor Frank J. Schaberg, Jr., M.D. (Schaberg), chief of surgery at Memorial Hospital in Rhode Island, testified by affidavit that "the learned treatise addressing the question of risks of corneal abrasion on which people in the discipline would ordinarily and customarily rely upon, indicates that the risk of corneal abrasion when the eyes are protected as in this case, is 0.17%." Schaberg also noted that there was a "very low risk of any long term sequeli" or long-term complications arising from the injury. In fact, the affidavit testimony of Dr. Kathleen C. Hittner, M.D. (Hittner), clinical professor of anesthesia at Brown University Medical School, noted that most corneal abrasions heal within twenty-four hours of the injury. Hittner testified that in her experience overseeing practicing anesthesiologists, 5 out of 17,000

patients a year suffer corneal abrasions, or .029%.

In the face of these affidavits establishing the extremely low risk of corneal abrasion and the even lower risk of long-term impact, plaintiff submitted no opposing affidavits or other evidence demonstrating the existence of genuine issues of material fact relative to a duty to warn of a more significant risk and/or long-term complication from an injury. On appeal, plaintiff argued that determinations of whether 0.17% and .029% probabilities are material risks should be jury determinations. The plaintiff further avers that the corneal abrasion she suffered is not trivial because she still suffers from the effects of the injury. To strictly hold to the plaintiff's argument would mean that no informed consent cases, regardless of how minute the risk to the patient, ever would be appropriate for summary judgment. In situations in which the moving party has established that the risk of injury is minimal and of relatively trivial impact, summary judgment in informed consent cases is appropriate, particularly when the non-moving party has failed to produce contrary proof through expert witness affidavits or otherwise.

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment below is affirmed and the papers in this case are remanded to the Superior Court.