**Supreme Court**
No. 2025-130-Appeal.
(KC 23-24)

LandingPartners LLC        :

v.                  :

Shiva, LLC, et al.        :

**O R D E R**

The defendant, Jay Patel, appeals *pro se* from a Superior Court order granting motions to quash a subpoena and "for [p]rotective [o]rder."  Both motions were filed by the plaintiff, LandingPartners LLC (plaintiff or LandingPartners); the former motion was joined by another defendant in the action, Centreville Bank (Centreville).[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the

---

[1] In addition to Mr. Patel and Centreville, LandingPartners filed suit against two other defendants in the Superior Court: Shiva, LLC (Shiva) and Airport Hospitality, LLC (Airport Hospitality) (collectively, defendants).  Mr. Patel is believed to own both Shiva and Airport Hospitality; however, his notice of appeal indicates that he is the sole party appealing.

reasons set forth herein, the appeal is denied and dismissed, and the order of the Superior Court is affirmed.

The underlying dispute stems from the breach of a purchase and sale agreement involving real property located at 1850 Post Road in Warwick, Rhode Island (the agreement). We recite herein the relevant portions of the procedural history pertinent to Mr. Patel's present appeal.

On January 10, 2023, plaintiff filed suit against defendants in the Superior Court, later amending the complaint on January 11 and January 31 of the same year. The plaintiff alleged breach of contract, unjust enrichment, breach of implied-in-fact contract, and detrimental reliance. Following Mr. Patel, Shiva, and Airport Hospitality's failure to respond, plaintiff moved for an entry of default judgment. A default judgment entered against the three defendants on July 21, 2023. Included in the judgment, the hearing justice found that plaintiff had established all of the required elements for specific performance against the defaulted defendants, and she ordered them "to specifically perform the [a]greement, conveying 1850 Post Road, Warwick, Rhode Island in accordance with the [a]greement, so that the [p]arties can proceed with a closing." The hearing justice also appointed a commissioner, Richard Gemma, Esq. (Commissioner Gemma), to effectuate the terms of the default judgment and position the parties "to close, as if [Shiva, Mr. Patel, and Airport Hospitality] fully performed the [a]greement."

Thereafter, plaintiff and Centreville engaged in court-ordered mediation for the purpose of effectuating the sale of the property. They ultimately entered into a consent order, and on October 19, 2023, by stipulation of plaintiff and Centreville, the suit was dismissed with prejudice. On April 17, 2024, nearly nine months after default judgment entered against him, Mr. Patel filed a motion to vacate the judgment under Rule 60 of the Superior Court Rules of Civil Procedure, arguing that he was never served with the complaint and only learned of the default via an email from Commissioner Gemma dated July 27, 2023. Mr. Patel's motion was heard and denied on June 28, 2024.

In the following months, Mr. Patel propounded requests for admissions, sought the production of documents, and issued a subpoena to depose Commissioner Gemma. The plaintiff responded with a motion to quash the subpoena and issue a protective order, arguing that the subpoena was defective and discovery in the matter was closed. Thereafter, Centreville moved to join plaintiff's motion to quash. The hearing justice heard the above-mentioned motions on April 3, 2025, and entered an order on April 9, granting plaintiff's and Centreville's motions to quash as well as plaintiff's motion for a protective order. Mr. Patel filed an appeal to this Court on April 22, 2025.

"It is well settled that, 'in granting or denying discovery motions, a Superior Court justice has broad discretion, which this Court will not disturb save for an abuse

of that discretion.'" *Cranston Police Retirees Action Committee v. City of Cranston, by and through Strom*, 208 A.3d 557, 589 (R.I. 2019) (quoting *State v. Lead Industries Association, Inc.*, 64 A.3d 1183, 1191 (R.I. 2013)). Similarly, a trial justice's decision to quash a subpoena is also reviewed by this Court under an abuse of discretion standard. *See Butera v. Boucher*, 798 A.2d 340, 345 (R.I. 2002).

Mr. Patel argues that the hearing justice abused her discretion by quashing the subpoena of Commissioner Gemma and granting plaintiff's motion for a protective order. He maintains that post-judgment discovery "is disfavored but permitted upon a showing of good cause to support allegations of fraud." Further, he contends that the hearing justice erred by finding that the subpoena was defectively served despite the fact that Commissioner Gemma "acknowledged receipt" which, he argues, satisfied Rule 45(b) of the Superior Court Rules of Civil Procedure and Rhode Island precedent.

As a preliminary, and, in this case, dispositive matter, we note that Mr. Patel has failed to provide this Court with a transcript of the April 3 hearing where the hearing justice heard arguments on both plaintiff's and Centreville's motions, the result of which he now appeals from. Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure dictates that "within twenty (20) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts

- 4 -

of the proceedings not already on file as the appellant deems necessary for inclusion in the record."

"We have consistently warned that it is fundamental that 'a party seeking to have this Court review alleged error has the burden of furnishing us with so much of the record as may be required to enable this Court to pass on the error alleged.'" *Kalooski v. Albert-Frankenthal AG*, 770 A.2d 831, 833 (R.I. 2001) (brackets omitted) (quoting *May v. Penn T.V. & Furniture Co.*, 686 A.2d 95, 98 (R.I. 1996)). "If the appealing party fails to provide us with a sufficient transcript, we cannot perform a meaningful review and have no choice but to uphold the trial justice's findings." *Id.* (quoting *May*, 686 A.2d at 98).

Mr. Patel's failure to order the April 3 hearing transcript appears to be an intentional decision as opposed to a lack of understanding or familiarity with this Court's rules.[2]  His notice of appeal indicates that he would not order the transcript, and Mr. Patel asserts in his papers that "the appeal is based on [q]uestions of [l]aw and [s]tructural [e]rrors * * * which are evident in the existing court file and the Commissioner's own records."  Thus, he submits that "a transcript of the lower

---

[2] Even so, we note that this Court has long recognized that "[e]ven if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Sentas v. Sentas*, 911 A.2d 266, 271 (R.I. 2006) (quoting *Faerber v. Cavanagh*, 568 A.2d 326, 330 (R.I. 1990)).

court's biased proceedings is not a prerequisite for the Supreme Court to review the fraud on the court."

Although he fails to cite any authority for support, Mr. Patel's apparent assertion that a transcript of the lower court proceeding is not required when an appellant is challenging a ruling of law is not entirely without merit. This Court has permitted an appeal to move forward despite an appellant's failure to provide a transcript of the pertinent proceedings below when "the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct * * *." *731 Airport Associates, LP v. H & M Realty Associates, LLC ex rel. Leef*, 799 A.2d 279, 282 (R.I. 2002). However, the record here is wholly insufficient to permit our review.

The sole document evincing what happened at the April 3 hearing is a one-page order that indicates, "for reasons stated on the record," first, plaintiff's and Centreville's motions to quash are granted and "[t]he [d]eposition of Commissioner Richard Gemma, Esq. shall not go forward[,]" and, second, the motion for a protective order is granted and "[d]ocument production is not appropriate at this time, as discovery in this case is closed."

We have repeatedly warned that "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *731 Airport Associates, LP*, 799 A.2d at 282. Without a

transcript of the April 3 hearing, we are unable to provide a meaningful review as to whether the hearing justice abused her discretion in the manner which Mr. Patel now complains of.  Accordingly, his appeal cannot move forward.

For the reasons set forth herein, the appeal is denied and dismissed, and the order of the Superior Court is affirmed.  The papers may be returned to the Superior Court.

Entered as an Order of this Court this __3rd__ day of June, 2026.

By Order,

_____/s/ Meredith A. Benoit_____
Clerk



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | LandingPartners LLC v. Shiva, LLC, et al. | |
| **Case Number** | No. 2025-130-Appeal.<br>(KC 23-24) | |
| **Date Order Filed** | June 3, 2026 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Madeline Coburn, Esq.<br>John O. Mancini, Esq. | |
| | For Defendant:<br><br>Jay Patel, *pro se* | |

SU-CMS-02B (revised November 2022)